

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAFEWAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-683-A |
| | § | |
| PDX, INC., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| | § | |
| Intervenor. | § | |

MEMORANDUM OPINION
and
ORDER

On the date of the signing of this order, the court conducted a telephone hearing/conference in the above-captioned action, with counsel for each party on the line, for the purpose of discussing issues that require resolution before a final judgment can be entered in this action.

The court considered and made rulings on the defenses of plaintiff, Safeway, Inc. ("Safeway"), as Safeway defined them on pages 2 and 3 of the brief it filed May 13, 2015, in support of Safeway's response to the deemed motion for summary judgment of intervenor, Axis Surplus Insurance Company ("Axis"). Having ruled that all of those defenses lack merit, the court then considered the requests made by defendant, PDX, Inc. ("PDX"), and

Axis in their recent joint filings requesting joint payment to PDX and Axis by Safeway of the $752,932.33 amount mentioned on page 25 of the March 31, 2015 memorandum opinion and order in this action. PDX and Axis, through their counsel, agreed during today's hearing/conference that PDX is entitled to recover a $100,374.24 part of such $752,932.33 amount and that Axis should receive the $652,558.09 balance of such $752,932.33 total.

The court now realizes that it overlooked in the summary judgment record as it existed on March 31, 2015, the statement in the affidavit of Allen Smith that was contained in PDX's appendix to its motion for summary judgment that as of the date of the affidavit, February 2, 2015, "PDX [had] paid attorney's fees and costs for defense of the California Litigation in the amount of $100,374.24 by the law firm of Davis Wright Tremaine, LLP," lead counsel for PDX in the California Litigation, and that "[t]he amount paid to Davis Wright Tremaine, LLP is the amount of PDX's retention on its policy of insurance." PDX's Mot. for Summ. J., App. at 293, ¶ 5. The same information is found in the affidavit of Allen Smith that was filed May 13, 2015, in support of the deemed motion for summary judgment as to which the court ruled today. Smith Aff. filed May 13, 2015 at 3, ¶ 12. Thus, the understanding and agreement expressed between PDX and Axis during today's hearing/conference simply confirmed what the summary

judgment record established without dispute. The wording of the memorandum opinion and order issued March 31, 2015, is revised to whatever extent necessary to take into account the revisions expressed herein concerning the payments related to cost of the defense of the California Action.

Therefore,

The court ORDERS that the deemed motion for summary judgment that was subject to the discussions and rulings during the hearing/conference conducted on the date of the signing of this memorandum opinion and order be, and is hereby, granted;

The court further ORDERS that Axis have and recover from Safeway $652,558.09 of the $752,932.33 amount mentioned in such March 31, 2015 memorandum opinion and order, and that PDX have and recover from Safeway the remaining $100,374.24 part of such $752,932.33 amount, making the total amount PDX is to have and recover from Safeway $328,664.60.

SIGNED May 29, 2015.

_____
JOHN McBRYDE
United States District Judge